**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 20-01157MJ-001-PHX-JFM |
| Plaintiff, | **ORDER** |
| v. | |
| Jose Esteban Medina-Bejar, | |
| Defendant. | |

Before the Court is Defendant Jose Estenan Medina-Bejar's appeal (Doc. 16) of Magistrate Judge Eileen Willett's Detention Order (Doc. 10). The Court denies the Motion.

**I.    BACKGROUND**

Defendant faces two charges: possessing methamphetamine with intent to distribute and importing methamphetamine into the United States. (Doc. 1.) Defendant says that he did not realize that he was smuggling drugs across the Mexican border. (Doc. 16 at 3.) Instead, he thought he was merely smuggling currency. (*Id*.)

The magistrate judge found that probable cause exists to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act or the Maritime Drug Law Enforcement Act. (Doc. 10 at 1.) Additionally, the magistrate judge found that there is a serious risk that Defendant will flee and that no condition or combination of conditions will reasonably assure the safety of the community or any other person. (*Id*. at 2.)

## II. LEGAL STANDARD

When a magistrate judge orders the detention of someone charged with a crime, "the person may file . . . a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district court reviews a detention order *de novo*, giving no deference to the magistrate judge's findings. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). In doing so, the district court may, but is not required to, conduct additional evidentiary hearings. *Id*.

The Bail Reform Act enumerates the seven categories under which the Government may move for pretrial detention. 18 U.S.C. § 3142(f)(1)(A)-(E), (2)(A)-(B). Four categories consider the crime charged, including whether the defendant is charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act or the Controlled Substances Import and Export Act. *See* 18 U.S.C. § 3142(f)(1)(A), (B), (C), (E). The remaining categories involve cases in which the defendant has a particular set of prior convictions, cases that involve a serious risk of flight, and cases involving obstruction of justice, witness tampering, or jury tampering. 18 U.S.C. § 3142(f)(1)(D), (2)(A)-(B). The Government has the burden to show by a preponderance of the evidence that a case falls into one of these categories. *See United States v. Fanyo-Patchou*, 426 F. Supp. 3d 779, 782 (W.D. Wash. 2019) (*citing United States v. Friedman*, 837 F.2d 48, 49 (2d. Cir. 1988).

A presumption attaches when there is probable cause to believe that a defendant has violated a provision of the Controlled Substances Act or the Controlled Substances Import and Export Act punishable by at least 10 years in prison. 18 U.S.C. § 3142(e)(3)(A). In those situations, the rebuttable presumption is that no conditions or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community. *Id*. This presumption shifts the burden of production to the defendant, but the burden of persuasion remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). If a defendant proffers evidence to rebut the presumption of dangerousness or flight risk, the Court then considers four factors in

determining whether to detain or a release the defendant: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against Defendant; (3) the history and statutorily specified characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that Defendant's release would pose. *Id*.; 18 U.S.C. § 3142(g)(1)-(4).

The Court must release a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the safety of the community and the appearance of the person as required. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). A finding that a person presents a danger to the community must be proved by clear and convincing evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The Government's burden in denying bail on the basis of flight is preponderance of the evidence. *Id*. at 1407.

**III.    ANALYSIS**

    **A.    Rebuttable Presumption**

The Bail Reform Act creates a rebuttable presumption that a defendant must be detained if there is probable cause to believe that he violated a provision of the Controlled Substances Act that is punishable by a maximum of 10 years or more. 18 U.S.C. § 3142(f)(1)(A). Based on a review of the Complaint and Defendant's statements to law enforcement, the Court finds that such probable causes exists. The burden of production thus shifts to Defendant. The Pretrial Services Report Addendum notes the possibility of Defendant's father, who lives in California, as a third-party custodian. (Doc. 18 at 2.) The Court therefore concludes that Defendant met his burden of production with regard to flight. The Court will next consider the four factors specified in 18 U.S.C. § 3142(g)(1)-(4).

    **B.    Flight Risk**

The Court finds that the Government has met its burden of showing, beyond a preponderance of the evidence, that Defendant poses a serious flight risk and no conditions or combinations of conditions will reasonably ensure Defendant's

appearance.* Part of this determination is based on the serious nature and circumstances of the offenses, each of which carry a minimum of 10 years in prison. 21 U.S.C. §§ 841(b)(1)(A)(viii), 960(b)(1)(H). According to the Complaint, Defendant drove a vehicle to a border checkpoint and presented himself for entry into the United States. (Doc. 1 at 3.) The Complaint goes on to allege that 20 cellophane-wrapped packages, containing a total of more than 40 pounds of meth, were hidden in his car's front bumper. (*Id*.) The Complaint further states that after his arrest, Defendant told federal agents that a man he met over Facebook purchased Defendant's vehicle so that Defendant could smuggle money across the border. (*Id*. at 4.) Defendant told agents that he would not have participated if he knew that drugs, rather than money, was what he was smuggling across the border. (*Id*.) The Court has also considered the weight of the evidence against Defendant but assigned little weight to this factor in making the detention decision. *Cf. Motamedi*, 767 F.2d at 1408.

Additionally, the Court considered the statutorily specified aspects of Defendant's history and characteristics. *See* 18 U.S.C. § 3142(g)(3)(A), (B). The Court has reviewed the Pretrial Services Bail Report (Doc. 5) and derives the following factual recitation therefrom. Defendant has few connections to the United States, much less Arizona. Born in Mexico, Defendant became a permanent legal resident of the United States in 2017. Prior to his arrest, he frequently travelled between his home in Mexico and his work in Arizona. He has a Mexican passport. While his father lives in California, his wife and daughter live in Mexico. His wife is not authorized to live in the United States. Defendant has spent less than one year working for his current employer. He has little cash and no other assets. Defendant admitted to occasional marijuana use, including just days before meeting with a Pretrial Services Officer. Weighing in Defendant's favor, he has no prior arrests. Defendant asks that the Court allow his father to serve as a third-party custodian. The Court is not, however, satisfied that releasing him to his father

---

* The Government also argues that Defendant poses a danger to the public. Because the Court finds that Defendant is a serious flight risk, the Court need not address the argument concerning whether the defendant poses a danger to the public.

would mitigate the risk of flight.  Given the seriousness of the alleged offenses, the potential sentences Defendant faces, Defendant's strong ties to Mexico, and his lack of strong ties to the United States, the Court finds that there are no conditions of release that would assure Defendant's appearance.

### C. COVID-19

Defendant's Motion alleges that 24 inmates at the detention facility where he is being held have contracted COVID-19.  (Doc. 16 at 4.)  He thus argues that he would be safer in a "more hygienic environment" conducive to social distancing.  (*Id*. at 10.)  The Motion also notes the difficulty of Defendant's meeting with his attorney because of COVID-19 related precautions.  (*Id*. at 4.)  These circumstances, however, do not alter the statutory framework outlined in 18 U.S.C. § 3142(g).  *United States v. Johnson*, No. 18CR4955-H, at *2, 2020 WL 2092904 (S.D. Cal. May 1, 2020) (citing *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019)).

## IV. CONCLUSION

**IT IS ORDERED** denying Defendant's Appeal of the Magistrate Judge's Detention Order pursuant to 18 U.S.C. § 3145(b).  (Doc. 16.)

Dated this 18th day of June, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge